

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 7, 1966

Mr. William J. Burke                Opinion No. C-706
Executive Director
State Board of Control          Re:  Construction of Section 8 of
P. O. Drawer GG                      Article V of House Bill 12,
Capitol Station                      Acts of the 59th Legislature,
Austin, Texas      78711             Regular Session, 1965, (General
                                     Appropriation Act) relating to
                                     payment for injuries for state
                                     employees injured while per-
                                     forming the duties of any
                                     hazardous position to which
Dear Mr. Burke:                      he is assigned.

        Your request for an opinion on the above subject
matter concerns the following facts contained in your request,
which are summarized as follows:

        A state employee while performing duties of a
    hazardous position was severely burned on the left
    arm, back, shoulders, neck, face and hands resulting
    from an electrical explosion and ensuing fire which
    occurred on the fifth floor, west end of the Sam
    Houston Office Building.  He received medical treat-
    ment at and was confined to a hospital.

        Pursuant to the provisions of Section 8 of Article V
of House Bill 12 of the 59th Legislature, Regular Session, 1965,
(General Appropriation Act), a request was made to the Governor
by the Board of Control for the approval to pay such expense for
the employee's injuries and care that was not covered or defrayed
by hospitalization carried by the employee.  The Governor approved
the payment of such hospital, medical and related expenses of
the employee associated with the above described injury.  Upon
submitting the voucher for payment, the Comptroller of Public
Accounts questioned the validity of an item of expense, to wit:
the examination in testing the employee's eyes for evidence of
injury, the prescribing and replacement of lenses and frames of
the employee's glasses.  Section 8 of House Bill 12, supra.,
limits expenditure of monies governed thereby to "paying neces-
sary drug, medical, hospital and laboratory expenses for the
care and treatment" of the injured employee.

-3409-

You state in your request that the examination and testing of the employee's eyes for evidence of injury revealed that:

"His eyes were uninjured due to the fact that he wears prescription glasses. The lense of the glasses and the frames of his glasses were ruined by the spewing molten metal and electric arc. Without the protection of eye glasses he very likely could have lost his eye sight--or at best could not have escaped the area without eye damage and sight impairment--the degree or amount of loss under the circumstances (without glasses) is speculative but nonetheless certain--the scarred lenses attest to this fact."

The Legislature has defined the practice of medicine in Article 4510, Vernon's Civil Statutes, as follows:

"Any person shall be regarded as practicing medicine within the meaning of this law:

"(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof; (2) or who shall diagnose, treat, or offer to treat any disease or disorder, mental or physical or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation;

". . ."

The Legislature has defined the practice of optometry in Article 4552, Vernon's Civil Statutes, as follows:

"The practice of optometry is defined to be the employment of objective or subjective means, without the use of drugs, for the purpose of ascertaining and measuring the powers of vision of the human eye, and fitting lenses or prisms to correct or remedy any defect or abnormal condition of vision. Nothing herein shall be construed to permit optometrists to treat the eyes for any defect whatsoever in any manner nor to administer nor to prescribe

any drug or physical treatment whatsoever, unless such optometrist is a regularly licensed physician or surgeon under the laws of this State.

". . ."

In Baker v. State, 240 S.W. 924 (Tex. Crim. 1922), the Court made the following observation:

"It seems obvious that defects of vision may result from disease of the eye and other organs of the body. It is conceded and the optometrist must discern that the impairment which he seeks to remedy by lenses is not consequent upon disease. It follows that, while the eye operates upon mechanical principles, it cannot be treated as a mechanism alone. Its vitality as an element of the human body cannot be overlooked. Other organs of the body function upon mechanical principles; for example, the heart as a pump, the muscles as levers; but they, like the eye, are nevertheless organs of the human body, and each organ is, to a degree, interrelated with all the others."

With regard to the replacement of the lenses and frames of the eyeglasses destroyed by the electrical explosion and ensuing fire, the discussion concerning an eyeglass frame in Williamson v. Lee Optical of Oklahoma, 75 S.Ct. 461, 348 U.S. 483 (1955), is applicable to the facts involved in your request. In the Williamson case, it is stated:

"An eyeglass frame, considered in isolation, is only a piece of merchandise. But an eyeglass frame is not used in isolation, as Judge Murrah said in dissent below; it is used with lenses; and lenses pertaining as they do to the human eye, enter the field of health."

Under the facts submitted, you are advised that the fees and charges for the examination and testing of the employee's eyes for evidence of injury, the fitting of new prescription lenses and the replacement of frames and lenses are properly payable under the language of Section 8, Article V, House Bill 12, Acts of the 59th Legislature, Regular Session (1965), and the authority granted in the letter of approval from the Governor.

Mr. William J. Burke, page 4 (C-706)

## SUMMARY

Where an employee is injured the necessary fees and charges for an examination and testing of the employee's eyes for evidence of injury, the fitting of prescription lenses and the replacement of frames for the lenses is properly payable under the language of Section 8 of Article V of House Bill 12, Acts of the 59th Legislature, Regular Session, 1965, wherein it authorized the paying of necessary drugs, medical, hospital and laboratory expenses for the care and treatment of a state employee injured while performing duties to which he was assigned.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: John Reeves
John Reeves
Assistant Attorney General

JR:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Wade Anderson
Mark White, Jr.
John Banks
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright